IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| JACQUELINE FULTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER TRAVIS M. LANPHERE,<br>CITY OF NORTH CHARLESTON, and<br>NORTH CHARLESTON POLICE<br>DEPARTMENT<br>Defendants. | CA: 2:21-cv-03023-DCN-MHC<br><br>**COMPLAINT**<br><br>(JURY TRIAL REQUESTED) |

The Plaintiff, complaining of the above-named Defendants alleges and would respectfully show unto this Honorable Court:

1. The Plaintiff, Jacqueline Fulton, is a citizen and resident of Charleston County, South Carolina.

2. The Defendant Officer Travis M. Lanphere (hereinafter "Officer Lanphere") upon information and belief is a resident of Berkeley County, was at all times relevant acting under color of law and in the course and scope of his duty as employee, agent, officer of the Defendant North Charleston Police Department and/or Defendant City of North Charleston.

3. The Defendant, North Charleston Police Department (hereinafter "Defendant NCPD") is a governmental agency and/or political subdivision of the State of South Carolina as defined by S.C. Code §15-78-10 and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant NCPD acted and carried on its business by and through its agents, servants, and/or employees. Additionally, these

1

agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties at all times hereinafter mentioned.

4. The Defendant, City of North Charleston (hereinafter "Defendant North Charleston") is a political subdivision of the State of South Carolina as defined in S.C. Code§ 15-78-10 and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant North Charleston acted and carried on its business by and through its agents, servants, and/or employees at the above-mentioned location. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties during all times hereinafter mentioned.

5. All Defendants were acting within the course and scope of their official duties as employees of the NCPD and City in relation to this claim.

6. Plaintiff is informed and does believe that Defendants NCPD and City of North Charleston had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

7. The incident took place in the City of North Charleston, Charleston County, South Carolina.

**JURISDICTION AND VENUE**

8. Plaintiff and Defendant are citizens of South Carolina. Defendant City of North Charleston and North Charleston Police Department is a South Carolina corporation within its principal place of business in South Carolina. This Court had jurisdiction over this action pursuant to 28 U.S.C. §1331 and jurisdiction over the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

10. That on or about the morning of October 7, 2019, Plaintiff Jacqueline Fulton was pulled over for alleged traffic violations near Greenspire Lane and Redland Lane in North Charleston by Defendant Officer Travis M. Lanphere of the North Charleston Police Department.

11. That Officer Lanphere had no reasonable suspicion or probable cause to initiate the traffic stop.

12. Plaintiff questioned the reason for the traffic stop but was arrested.

13. Plaintiff was forcibly arrested for Resisting arrest, Careless Operation, Operating Unregistered/Unlicensed Vehicle, Driver License-No State D/L, Uninsured Vehicle, and Driver's License in front of her 2-year-old son who was in the back seat of her vehicle.

14. That all related charges have been dismissed.

## FOR A FIRST CAUSE OF ACTION
### (False Imprisonment)

15. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

16. Defendants intentionally and unlawfully imprisoned Plaintiff and deprived her of liberty without justification for a crime they knew, or should have known, the Plaintiff did not commit.

17. As a direct and proximate result of Defendants' actions in falsely imprisoning the Plaintiff and continuing to deprive her of her liberty when the Defendants knew, or should have known, of the Plaintiff's actual innocence, the Plaintiff has suffered actual and permanent damages for which the Defendants are liable, as well as for punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force & Due Process Violations)

18. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

19. By the acts and omissions described above, Defendants names in this cause of action violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of search or seizures as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendments;

    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;

    e. The right to be free from deprivation of liberty and injury without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

    f. And in such other particulars as may be learned through discovery.

20. As a direct and proximate result of the Defendants' acts and/or omission as set forth above, Plaintiff sustained injuries and damages as otherwise set forth in this Complaint.

21. The conduct of the above-named Defendant Lanphere in his individual capacity entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and the South Carolina Code.

22. Plaintiff is entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable South Carolina Codes and laws.

### FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 Deliberate Indifference)

23. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

24. The unconstitutional actions and/or omissions of Defendants NCPD and the City as well as other officers employed by or acting on behalf of these Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the NCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for NCPD and the City.

    a. To teach or tolerate the improper handling, investigation and arrest/seizure of a citizen;

    b. To create unnecessary danger and risk of harm or death, with deliberate indifference, to citizens of North Charleston and Charleston County;

    c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

    d. To use or tolerate inadequate, deficient, and improper training for use of lethal force, arresting, investigating incidents, interrogations, questioning, and other use of conduct, and;

  e.  As may otherwise be learned during discovery in this case.

25. Defendants above-named in this cause of action subjected Plaintiff to their wrong conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omission.

26. As a direct and proximate result of the unconstitutional actions, omission, customs, policies, practices and procedures of Defendants above-named in this cause of action, Plaintiff sustained serious harms and losses and is entitled to damages, penalties, costs and attorney fees as set forth above, including punitive damages.

## FOR A FORTH CAUSE OF ACTION
**(Malicious Prosecution as to all Defendants)**

27. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

28. Based upon the allegations herein, upon information and belief, the Defendants, by and through their agents and employees, instituted and continued original judicial proceedings against the Plaintiff, such proceedings being those criminal charges for which the Plaintiff was arrested, charged, and incarcerated.

29. That these charges were brought by Defendants City of North Charleston and North Charleston Police Department at the insistence of Defendant Officer Lanphere.

30. That the criminal charge Resisting Arrest instituted, prosecuted, and continued by the Defendants were dismissed completely and terminated in favor of the Plaintiff.

31. That the institution and continuation of these proceedings against the Plaintiff was the result of the malice, recklessness, gross negligence, willfulness, and/or negligence of all Defendants.

32. That probable cause existed neither for the institution of these proceedings nor for the continuation of the prosecution and incarceration of the Plaintiff.

33. That as a direct and proximate result of acts and omissions of the Defendants as described herein, the Plaintiff has suffered actual injuries and damages and further seeks punitive damages

### FIFTH CAUSE OF ACTION AS TO PLAINTIFF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

34. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

35. Defendants, through their actions, caused Plaintiff to be incarcerated for a crime both he and Defendants knew he did not commit.

36. Plaintiff's incarceration resulted in severe emotional distress, mental anguish, humiliation, outrage, and depression.

37. Defendants' conduct was extreme and outrageous, to the point that it exceeded all reasonable bounds of decency.

38. The distress Plaintiff suffered is of a kind no reasonable person could be expected to endure.

### FIFTH CAUSE OF ACTION AS TO PLAINTIFF
### (NEGLIGENCE and GROSS NEGLIGENCE)

39. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

40. Defendants departed from the duties of care required by law enforcement officers and the agencies that hire, train and employ these officers and were thereby negligent, careless, grossly negligent, willful, wanton, reckless, and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

    a.  In failing to ensure the well-being of Plaintiff;

    b.  In failing to appreciate the conditions that existed at the time in question when the subject search and seizure occurred without just cause;

    c.  In failing to adhere to proper law enforcement polices, procedures, standards, customs, and protocols;

    d.  In failing to use discretion before, during, and after the subject incident and consider other accepted appliable methods;

    e.  In failing to have in place proper and adequate policies, procedures, standards, and protocols for law enforcement officers regarding search and seizures of persons and if such policies, procedures, standards, and protocols were in place, in failing to enforce them;

    f.  In failing to properly hire, train, monitor, supervise, and/or retain their employees;

    g.  In failing to have in place proper and adequate policies, procedures, standards, and protocols for the hiring, training, monitoring, supervising, and retaining of employees;

    h.  In implementing and executing policies, procedures, standards, protocols, regulations, and customs that ignored and jeopardized the right of citizens such that there was a deliberate indifference towards the rights of Plaintiff;

    i.  In failing to properly monitor, dispatch, report, and respond to the subject incident and surrounding events;

    j.  In acting with deliberate indifference;

    k.  In assaulting Plaintiff by placing Plaintiff in reasonable fear of bodily harm;

    l.  In subjecting Plaintiff to battery by inflicting forcible contact upon Plaintiff;

    m.    In such other particulars as may be learned during discovery in the action or at trial.

41.    As a direct and proximate result of the negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and departure from the duties of car owed by Defendants, Plaintiff sustained the injuries and damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

1. That this Honorable Court grants all of Plaintiff's Causes of Action;
2. Deny Defendants' Answer and Counterclaims
3. Compensation for Actual, Incidental and Consequential damages , and Punitive damages;
4. Attorney's fees and costs of filing this action;
5. Punitive damages; and
6. Any other relief that this Honorable Court deems fair and just.

SANYAL LAW FIRM, LLC

Respectfully submitted,

S/ *Ravi Sanyal*
Ravi Sanyal, Esquire
778 St. Andrews Blvd
Charleston, SC  29407
Attorney ID # 7586

Charleston, South Carolina
This 17th day of September, 2021