UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacqueline Fulton,<br><br>       *Plaintiff,*<br><br>   Versus<br><br>Officer Travis M. Lanphere, City of North<br>Charleston, and North Charleston Police<br>Department,<br><br>       *Defendants.* | ) C/A No. 2:21-cv-03023-DCN-MHC<br>)<br>)<br>) **DEFENDANTS' ANSWERS TO LOCAL**<br>)   **RULE 26.03 DISCLOSURES**<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court, District of South Carolina, Defendants, Officer Travis M. Lanphere, City of North Charleston, and North Charleston Police Department (hereinafter "Defendants"), by their undersigned attorneys, provides the answers to Local Rule 26.03 Disclosures as follows:

(1) A statement of the facts of the case.

**ANSWER: The Plaintiff filed her Complaint in the Charleston Division of the United States District Court District of South Carolina against the Defendants and asserted claims for alleged damages arising from a traffic stop on or about October 7, 2019, and subsequent prosecution. The Plaintiff alleges constitutional violations. The Defendants deny Plaintiff's claims.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER: The Defendants have not determined the exact name and number of fact witnesses they will call in this matter. Subject to their reservation of rights to supplement this disclosure, the Defendants identify the following likely witnesses at this time:**

  a. **Jacqueline Fulton – Ms. Fulton is the Plaintiff, and she is expected to testify as to the facts and circumstances surrounding the alleged incidents, as well as the claimed damages.**

      b. **Officer Travis M. Lanphere** – **Mr. Lanphere is a named Defendant, the arresting Officer.**

(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:**   **The Defendants have not retained expert witnesses as this time. The Defendants will provide the appropriate expert designations in accordance with the scheduling order deadline in this case.**

(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:**   **In furtherance of defending the Plaintiff's claims asserted in their Answer to Plaintiff's Complaint, the Defendants rely on the following affirmative defenses at this time:**

      a. **No Proximate Cause: Bishop v. South Carolina Dep't of Mental Health, 331 S.C. 79, 502 S.E.2d 78 (1998); Small v. Pioneer Machinery, Inc., 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); Wallace v. Owens-Illinois, Inc., 300 S.C. 518, 389 S.E.2d 155 (Ct. App. 1989).**

      b. **Failure to State a Claim: The Defendant asserts that the Plaintiff has failed to state a claim upon which relief can be granted for some or all of the causes of action contained in his Complaint. Rule 12(b)(6), Federal Rules of Civil Procedure; Gleaton v. Monumental Life Ins. Co., 719 F. Supp. 2d 623 (D.S.C. 2010).**

      c. **Governmental Immunity/South Carolina Tort Claims Act: This action is governed by the terms, provisions and affirmative defenses set forth in the South Carolina Tort Claims Act which inter alia provide a limit on the amount of actual damages that can be recovered, a prohibition on the recovery of punitive damages and the Defendant pleads these limitations as a cap on actual damages and a bar to any punitive damages. S.C. Code Ann. §15-78-120**

      d. **Punitive Damages Unconstitutional: That any award or assessment of punitive damages as prayed for by the Plaintiff would violate the Defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution. Atkinson v. Orkin Exterminating Co., Inc., 361 S.C.**

156, 604 S.E.2d 385 (2004); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589 (1996).

e.  **Limitation on Punitives: Any punitive damages awarded in this case would be subject to the limitations as described in S.C. Code §15-32-530.**

f.  **Eleventh Amendment Immunity: Suits against officials acting within their official capacities are actually against the office/agency itself and therefore against the State, baring the suit. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)**

g.  **Sovereign Immunity: Under the South Carolina Tort Claims act no award for punitive or exemplary damages <u>Id.</u> section 15-78-120(b); the governmental entity is not liable for a loss from orders or implementation of any process, any law or failure to adopt a law, or the exercise of discretion or judgment by the entity or employee. <u>Id.</u> section 15-78-60(3-5); the actions of third persons. <u>Id.</u> section 15-78-60(20); the government entity is not liable for a loss resulting from the responsibility or duty of supervision, protection, control, confinement, or custody of a person unless the responsibility is exercised in a grossly negligent manner. <u>Id.</u> section 15-78-60(25); no awards of more than three hundred thousand dollars. <u>Id.</u> section 15-78-1209(a)(1).**

h.  **Comparative Negligence:  <u>Ervin v. Continental Conveyor & Equip. Co. Inc.</u>, 674 F. Supp. 2d 709 (D.S.C. 2009).**

i.  **Lack of Foreseeability: The Defendant could not have foreseen that Plaintiff's damages, if any, could have proximately resulted from the Defendant's acts or omissions. <u>Bray v. Marathon Corp.</u>, 356 S.C. 111, 116-17, 588 S.E.2d 93, 95 (2003); <u>Koester v. Carolina Rental Ctr., Inc.</u>, 313 S.C. 490, 443 S.E.2d 392 (1994); <u>Trivelas v. S.C. Dep't of Transp.</u>, 348 S.C. 125, 558 S.E.2d 271 (Ct. App. 2001); <u>Small v. Pioneer Mach., Inc.</u>, 329 S.C. 448, 463, 494 S.E.2d 835, 842 (Ct. App. 1997).**

j.  **Reasonableness and Good Faith: <u>Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co.</u>, 6:03 CV 03211 RBH, 2006 WL 3423891 (D.S.C. Nov. 27, 2006).**

k.  **No Constitutional Violation: The Defendant asserts that its actions did not violate the Plaintiff's Clearly Established Constitutional rights as set forth in the Fourth, Fifth, Eighth and Fourteenth Amendments.**

l.  **Unforeseeable Intervening or Superseding Events: The Defendant asserts that the damages complained of were the sole result of the intervening or superseding acts of a person or entity over which the Defendant did not have control.  <u>Lewis v. Seaboard Air Line Ry. Co.</u>, 166 S.E. 134, 137 (S.C. 1932); <u>Small v. Pioneer Machinery, Inc.</u>, 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); <u>Dixon v. Besco Eng'g, Inc.</u>, 320 S.C. 174, 463 S.E.2d 636 (Ct. App. 1995).**

m.  **No Breach: The Defendant did not breach any purported duty owed to the Plaintiff so as to bar the Plaintiff from recovery against the Defendant.**

n. **Assumption of the Risk:  <u>Ervin v. Continental Conveyor & Equipment Co., Inc.</u>, 674 F. Supp. 2d 709 (D.S.C. 2009); <u>Davenport v. Cotton Hope Plantation Horizontal Property Regime</u>, 508 S.E.2d 565 (S.C. 1998).**

o. **Qualified Immunity: The Defendants were at all times acting within their official and discretionary capacities and as such, are entitled to qualified immunity.**

p. **No Respondeat Superior Liability: Pursuant to USCA Section 1983, there is no liability on a theory of respondeat superior in this matter.**

q. **Prosecutorial Immunity-The Defendants are immune from suit for actions taken in furterace of the prosecution of charges established upon probable cause.**

r. **Reservation and Non-Waiver:  The Defendant reserves any and all further defenses that may be revealed by additional information during the course of discovery investigation, and as is consistent with the Federal Rules of Civil Procedure, including the right to name third-party defendants.**

(5)     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02:

(a)     Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b)     Completion of discovery.

**ANSWER:     The parties have submitted a proposed Amended Scheduling Order setting forth the proposed deadline of May 10, 2022 for Plaintiff's expert disclosures; June 9, 2022 for Defendants' expert disclosures and August 11, 2022 for the completion of discovery.**

(6)     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

**ANSWER:     None known at this time.**

(7)     The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:** **The Defendants are unaware of any additional information requested by the Court.**

**The Defendants specifically reserve the right to supplement and/or change its Answers to these Interrogatories as discovery progresses in this case.**

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Ph: (843) 577-4435 / Fax: (843) 722-1630
Email: Info@hoodlaw.com


**/s/ Elloree A. Ganes**
Elloree A. Ganes (SC #70509)
Elloree.ganes@hoodlaw.com
Evan M. Sobocinski (SC #104259)
evan.sobocinski@hoodlaw.com

*Attorneys for the Defendants*
*Officer Travis M. Lanphere, City of North Charleston, and North Charleston Police Department*

**November 19, 2021**
Charleston, South Carolina

5